460 F.Supp.2d 1376 (2006)
In Re INSURANCE INDUSTRY DISCRIMINATORY SALES PRACTICES LITIGATION
Marylyn Melder, et al.
v.
Allstate Corp., et al., E.D. Louisiana, C.A. No. 2:03-2499.
Jose C. Dehoyos, et al.
v.
Allstate Corp., et al., W.D. Texas, C.A. No. 5:01-1010
No. MDL 1795.
Judicial Panel on Multidistrict Litigation.
October 16, 2006.
*1377 Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

ORDER DENYING TRANSFER
WM. TERRELL HODGES, Chairman.
This litigation consists of two actions pending in the Eastern District of Louisiana and the Western District of Texas, respectively. Plaintiffs in the Louisiana action move the Panel, pursuant to 28 U.S.C. § 1407, for transfer of the Louisiana action to the Western District of Texas. The plaintiffs in the Texas action and all defendants oppose Section 1407 centralization.
On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation, which involves only two actions pending in two districts. Movants have failed to persuade us that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket in which the Texas action has been pending for almost five years and is the subject of a pending class action settlement. Alternatives to transfer exist that can minimize whatever remaining possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978). See also Manual for Complex Litigation, Fourth, § 20.14 (2004).
IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.